Good morning, Mr. Hutchinson. Good morning, Your Honor. If you have a few minutes for rebuttal and you can begin whenever you're ready. Thank you so much, Your Honor. Good morning. May it please the Court. Counsel for the appellant in this matter, Juwan Anderson and Kendra Hutchinson from Federal Defenders. $400,000 worth of restitution was imposed in this case. In my experience, that is a pretty large amount for a non-fraud case. So the question is how the government met their burden to prove this by preponderance of the evidence. And that burden was met by seven single-page appraisal records that the Court can find in the appendix between A83 and A89. There are photocopies and photographs of, or rather, of these appraisal records. And they had very serious reliability concerns. And I think that this is a very thin reed upon which to base the award in this case. They didn't have the actual jewelry, right? Correct? Because it could have been stolen. No. They did not have the actual jewelry. That's correct, Your Honor. But, you know, we're not contesting that appraisal records by themselves could potentially, you know, rise to the level that would meet the government's burden here. It's not about this appraisal record. It is rather that counsel identified very significant reliability issues that were foundational to the Court's consideration of them. I thought the only reliability issue was the fact that the victim had a separate fraud conviction, an unrelated case, and therefore shouldn't be trusted to submit these records to his attorney, who I guess then potentially some of them went through the attorney. Some of them may have come directly from him. But isn't that really the only issue that was raised with the district court? No, Your Honor. No. That is one aspect of the issue. That is right. You're absolutely right, Your Honor. But counsel — But that wouldn't be sufficient for it to be clear error for the district court. I mean, just because a victim has credibility issues, if they have appraisal records, you think that's enough to find clear error? No. No, it is not, Your Honor. We're not here arguing that. We are arguing that counsel raised three different reliability concerns that the Court — that the parties discussed and that the Court — Okay. What were the other ones? Yes. The other one was the origin, chain of custody issues, Your Honor. As counsel noted, he did not know where — the government did not disclose where these came from. This goes to what Your Honor is discussing here. Where the appraisal records came from, you mean? Where these appraisal records came from. Counsel, as you're noting, Your Honor, did believe that they came from the victim. The government represented only that the majority came from a counsel for the victim. And I will note that on appeal, the government is now, on page 16 of their brief, they are stating that some — I believe that they're stating that some of the records came from the victim himself. It is not clear on this record. It was never clarified by the government which record came from whom, number one. So that is the first thing that counsel raised. Second thing, on two of the records, there is no owner listed for the property. Those are A86 and A87. Those are the items that were pointed out by counsel below and that we adopted on appeal. But I'll note that in reviewing this, it appears the same for A89. Let me ask you this. One thing I'm trying to make sure — I understand the notion that the owner is enlisted, but the critical issue the district court was trying to determine was the value of the jewelry. And so there are pictures of the jewelry, and basically there's both a picture and a description of the jewelry. And so the question then becomes, well, what is this particular jewelry worth? Why does it matter that we don't know who actually owns the jewelry? Isn't it really the issue what the value of the jewelry is? The problem is — well, actually, so 18 U.S.C. 364 requires that a defendant only pay restitution for actual loss, and that needs to be tied to a specific victim. So in this instance, there was absolutely no evidence that tied these records, these particular records in which the restitution order was based, with the actual victim in this case. So you're saying that it's possible that the pictures of some of the jewelry don't coincide with some of the jewelry that was actually stolen? That is possible. And that is what counsel raised, Your Honor. And that is why counsel asked for a hearing. That is why counsel asked for the government to in some way, you know, fill in these evidentiary gaps, Your Honor. And so, again, origin, it is not clear, and it is still not clear on this appeal. The origin, your client admitted in the plea agreement there was a list of items stolen, and these items that are based with restitution were listed. So there was an admission, yes, those are the items I stole. We have appraisal records for each of the items he admitted he stole. And you're suggesting that for some of them, maybe the victim didn't really own them, and you wanted them to put the victim on the stand and have cross-examination of the victim? Counsel did not ask for cross-examination of the victim, Your Honor. What would happen at the hearing? When the judge pressed counsel for, like, what are we going to do with this hearing? You know, the judge focused on the offense, which is a separate issue. But, you know, it was a suggestion, I think, that appraisers should be called at the hearing. Counsel did say that that's what a hearing would look like in this instance. Yes, Your Honor. I know we established that you wouldn't necessarily, that I think a district court can rely on records unless there's some question sufficient to the authenticity of the records to have a hearing where you would call the actual appraisers. That would be a lot to ask a district court. And you know some of these fraud cases could involve millions of dollars and many third-party records about value. It can't be that if someone says, you know what, I don't know where these appraisal records came from. I want to hear from the appraisers. A district court can't be forced to have a hearing in that. Yeah, no, absolutely, Your Honor. We don't say that that's the rule here. But I just want to make two points to this that are very important. Number one, we haven't even gotten to the real issue here, one of the real issues here, which is one of the appraisals postdated the robbery. So the jewelry had already been stolen. It postdated the robbery by three months. Counsel raised serious questions as to how an appraiser could appraise such a piece of jewelry. There was nothing but speculation both by the government and the jury and the description of it, right? Yes, there is, Your Honor. So why can't you appraise something that's been stolen? Obviously, if someone didn't get an appraisal before and it gets stolen, they can't present the item. So all they have potentially is a photo and a description at that point, right? Certainly, Your Honor, but the government didn't prove that. The government didn't prove this. I mean, that is the problem here. Let me ask you a similar question. Let's assume this was a stolen car case until obviously you don't have the car. So you have a picture of the car and it's a, I don't know, a 2024 Lexus whatever. And so they submit pictures of an appraisal that came from online for what that particular car is worth. Would that be sufficient? I think this Court has blessed that in the past, MSRP value, Blue Book value, things like that. So why is this different? Because the one in particular that I'm discussing, Your Honor, is a custom diamond Miami Cuban chain. It is custom. It is a custom piece of jewelry. Gemologists for, you know, when they appraise things, it's typically jewelry items. They typically look at the stone. They look at the carat. They look at the quality of the metal. They look at the provenance.  If they have it. No, absolutely, Your Honor. Absolutely.  So there would be other ways. They'd have to do, make do, don't they? Fair enough, Your Honor. But there are other ways for the government to have proved up this case. These documents don't do it. I would note that what counsel asked for is very uncontroversial, quite frankly, in this district. Not the hearing aspect. But counsel asked that this not be adjudicated until the Court resolved these issues. Well, the Court also gave 90 days and there was sort of radio silence during that time period about anything additional. Your Honor, that would, if counsel filed a notice of appeal and the Court no longer had jurisdiction in 90 days, to be really honest with you. This Court has actually noted that this, you know, has cast doubt upon whether you can amend a restitution order in those instances. And I think critically this goes to another point that I'd like to make here and that we're really getting at and that the government, I think, really focuses on because they don't have much to say about these issues. They still can't figure out the origin. But the government is really focusing on, and we're talking about this right now, Your Honor, is this issue of what counsel was required to do in order to do two things. There are two arguments at issue here. Number one, whether counsel sufficiently undermined or showed that there were problems in the government's proof such that the government did not make their preponderance of the evidence standard. We would argue yes. Counsel explicitly made this argument that there was, that the government's proof was insufficient to make this out by preponderance of the evidence. At a minimum, counsel's questions raised factual disputes that could not be resolved on the record. Who was the owner of these three jewelry items? How was this item valued three months after the robbery? The government could very well have figured this out. And, again, I want to know. This is not especially strange in this district or this circuit, really. You know, I see district courts often asking the government to just prove up the case a little bit more or putting it over for two weeks, entering judgment on the sentence, sentencing the defendant, and then entering an amended judgment with the restitution order, which the defendant can then appeal. This happens routinely, and it would have been very easy for the court to order, as is routine, and for the government to really fix this, quite frankly. I mean, I think this is a case where the government fell down on the job and counsel had a good eye and noticed what was wrong with this evidence. Now, the government cites many cases, and this Court is alluding to many cases in which this Court has held that a hearing is not necessary or that, you know, that the defense has not sufficiently put an issue in dispute. Those are fundamentally different cases. I think Gushlak, which is a leading case in this area from this Court, is an important case. In that case, this Court held that a hearing was not necessary, but the issue there was that counsel was contesting the method of valuation that the experts had, you know, testified about. This was a legal matter. You know, it was actually contesting the value of the items and saying that it's different items of the investor fraud. Here, we have a case that is, quite frankly, I have not seen many cases like this in this Court, in which counsel pointed to reliability issues, Martinez issues. We know that the sentencing rules do not require evidentiary precision, and that the Court can consider hearsay. But in this instance, counsel pointed to any number of problems that the government could have fixed. All right. Let's hear from Ms. Shuman. Thank you. You have a few minutes to respond. May it please the Court. My name is Rebecca Shuman, and I'm an assistant United States attorney in the Eastern District of New York. I represented the government in the district court. There's a narrow issue before this Court. Whether the district judge clearly erred in entering a restitution order based on appraisal records for a portion of the items Anderson admitted he stole, and whether the district court abused his discretion in declining to hold an evidentiary hearing. Anderson has not and cannot show clear error on the restitution amount or an abuse of discretion with respect to a hearing. Anderson admitted he caused loss in a range that encompassed the restitution amount ordered. He admitted to stealing items that matched descriptions in the appraisal records provided. He has not challenged the items in the appraisal records were the ones he stole, and he has not challenged the value of the items. He has not challenged that the appraisers correctly valued those items. Rather, he has consistently complained of one of the victim's credibilities. But Victim 1, regardless of his criminal record, is still a victim entitled to the protections of the MVRA, as is Victim 2. The third document, third-party documentation relied upon by the district court establishes a conservative undercounting. Why isn't it enough? I mean, it's not just that the victim had credibility issues. They cite the fact he was convicted of a fraud where he was convicted of falsifying records, specifically falsifying records, and that some of these appraisals appear to have gaps in them. They don't say who the owner is. I mean, even if he admitted that these are the items stolen, the government still has to prove that the victim was the owner of all those items, right? Yes, Your Honor, that is correct. So they're saying the two of the appraisals, it doesn't list who the owner is. You know, we don't know whether the attorney reached out to these appraisers and got them directly or whether the client presented them to the attorney. The attorney doesn't know anything about these appraisers or whether they exist at all. So why isn't it enough to say government does a little bit more work, whether or not there needs to be a hearing or not. There's a little bit more work to be done. Maybe we need some type of declaration. If the attorney says, Judge, I personally spoke to these appraisers. My client had no involvement. I contacted them. They sent me the appraisals. But it's not that kind of record, right? It is not that kind of record because here the appraisal records themselves do establish the conservative amount beyond a preponderance of the evidence. As counsel will acknowledge, this isn't exact. I know it's a conservative amount. Yeah, the appraisal records. But how do we know that's a conservative amount? The court accepted the appraisal records, but there's no measure of whether that's conservative or not, right? I believe, Your Honor, it's established it's a conservative amount because the plea agreement itself identifies 12 pieces. Oh, because other items were stolen. Yes, Your Honor. It identifies 12 pieces of item. The government was able to obtain documentation for seven of those items. I understand. As noted, the records themselves are coming from the majority come from counsel for victim one. The remainder, I believe this is beyond the record, but the remainder came from victim one. How much significance does it take from counsel if counsel got them from the client? We don't know where counsel got them from, so that doesn't add much to their issue with the credibility of the victim, right? The reason I point to that, Your Honor, is it's a little hard to believe that victim one just happened to have appraisal records belonging to someone else but matching items that Anderson admitted to stealing. It also defies logic that there's sort of this vague complaint that victim one must have forged these records. If victim one was going to forge records to obtain restitution, wouldn't he have sought more? Wouldn't a fraudster who was trying to defraud the defendant who was convicted of stealing from him and his wife want to get as much money as possible? The reason that's not the case, the reason we're not looking at 12 appraisal records totaling $3 million, I submit, is because there's no forgery that occurred. Victim one and victim one's counsel provided appraisal records for the items that were available. As you boldly noted, you can't necessarily have appraisal records once something is stolen, so at least in one instance, an appraisal record was obtained following the robbery. But they provided the government with the appraisal records they had. The government submitted those appraisal records to the district court. There has been no question that the organizations responsible for the appraisals were fraudulent or otherwise illegitimate. There's really no challenge to the appraisal records themselves. What's underlying this is an effort to undermine the credibility of the victim whose jewelry was stolen. But I guess one question, going back to Judge Bianco's question, what would really be that big a deal of simply remanding to allow for the additional documentation that Judge Bianco suggested, which is being able to provide some terminology of how the appraisals were obtained and they were obtained from and the basis for them and why you believe them to be an appropriate value? I think at the district court and I think before this court, the suggestion has been that a hearing was necessary to call the appraisals to testify. No, not a hearing. I'm just saying I think if I understand Judge Bianco's correctly, I think he's basically saying it's an additional affidavit or two. I guess the question is who was the affidavit coming from? Certainly, we can't compel a victim to submit an affidavit. Not from the victim. The government, I think, is... If it's the attorney that's raising concerns about your client, whether or not these have been fabricated, I would like you to contact each of these appraisers and get a declaration from them that they, in fact, made these appraisals. These are true and correct records that they performed these appraisals. So the attorney could submit either a declaration from the appraisers or the attorney could represent in the declaration. I've contacted each of these appraisers. I've showed them these documents and they've confirmed that these are authentic. I think the problem with having a declaration regarding the appraisals sort of standing by their appraisals is that that doesn't really resolve what Anderson is complaining about. If he's complaining about the ownership, an appraiser can't necessarily identify who the owner of an item is. Maybe they know who brought in the item. Maybe they can tell you it was a woman, it was a man, it was this person in my record. But that doesn't really establish the ownership question that counsel has raised. How did the government prove for the two that the appraisal records didn't state the owner? How did the government prove that Victim One was the owner of those? That they came from Victim One and Victim One's counsel in response to a request of we need documentation for any items. There's an affidavit of loss from the victim that states that, right? In most cases, doesn't the government get an affidavit of loss from the victim? I don't think it's accurate to say in most cases, Your Honor. I think in some cases, I think efforts are made by the probation office. This is outside the record. I can say that the probation office did mail an affidavit of loss to Victim One and Victim Two, but I don't think it's all that surprising in the unique circumstances of this case that affidavits of loss weren't provided, considering, one, Did the government agree that the district court was a little too narrowly whether or not they were going to produce defense to testify at a hearing? It can't be that they have to produce defense. There's other ways of them having a hearing and questioning the reliability of the appraisals without having to produce defense. The judge basically said, Once you're going to have the defense testify, I'm not having a hearing. I think what the district judge was getting at was that the appraiser, having the appraisers testify at a hearing doesn't resolve the underlying complaint from the defense, which, from the start, has been the credibility of one of the victims of this armed robbery. To go back to the question of the loss affidavits, I think the fact that they didn't submit loss affidavits, frankly, shouldn't result in a windfall to Anderson. These were victims of a violent, very public robbery in a house of worship. I think it is not all that surprising that victims of such a crime would not want to submit loss affidavits, nor given the unique circumstances relating to Victim 1's unrelated criminal proceedings in the Southern District of New York, is it all that surprising that he was not in a position to submit documentation to the Eastern District of New York. All right. Thank you. Thank you, Your Honor, and happy Thanksgiving to you all. You too. All right, Ms. Hutchinson, you have two minutes. Thank you, Your Honor. The government is depicting this as an argument about the victim's credibility. That is wrapped up in this case, but you know what? Take the victim out entirely. Counsel's arguments remain below, and they remain on appeal. They are what we are claiming. This is a reliability issue. Your Honor was asking, Judge Bianco, you were asking questions that got to this fact. This is about whether these documents met the government's burden of proof. Indeed, an affidavit of loss would have done that and is pretty common. The government's burden is to produce documents that provide a sufficient indicia. I'm so sorry, Your Honor. I didn't hear the last part. What the government is required to do is to produce evidence that provides a sufficient indicia of reliability, not that you can bank on it, not that you can necessarily even collect on insurance on it, but sufficient indicia under the circumstances. And one of the circumstances is this stuff is stolen, and your client has admitted stealing it. That is right, Your Honor. That is the government's burden. That is the burden. That reduces the prospects that this is going to be proven to a fairly well. Your Honor, the government's burden is indeed what you're setting it out to be. And who decides whether it's sufficient? The court does. The district court does. And it's a matter of discretion. I think that's a legal standard that the court has to apply, and the court here believed that it was. I just want to note that a letter from the appraisal company, these six appraisals all came from the same company. A simple letter from a custodian of records or a secretary, perhaps, if these were appraisals that were kept in their records, probably would have solved all of this. If there were 45 items missing and there were 12 appraisal companies, I mean, it would be quite a burden to produce evidence from 12 appraisal companies as to the value of each fractional piece that was stolen if the defendant admits stealing it and describes it in a way that corresponds to a photograph. I think that a simple letter in this instance from the single appraisal company involved would have been sufficient. I think this case is an easy fix, Your Honor. This would be a simple remand to allow this, allow the government to prove it up in the way that they say that they can. Thank you. Thank you both. Happy Thanksgiving to everyone. That was our decision. That completes the business.